The last case on for argument is Grafton v. Assistant Deputy Under Sheriff Hesse. Mr. Cole, good morning. Thank you, Judge Hall. May it please the Court. The fundamental flaw in this case in the district court was that the defendants moved to dismiss, literally under Rule 12b-6, a motion that challenges the sufficiency of the pleadings, and that the district court, both the magistrate and then later the district judge, went ahead to consider matters outside the pleadings, effectively deciding the exhaustion of administrative remedies on the papers that had been submitted without having given Grafton, the plaintiff, any notice that the Court was going to so proceed. It is worth keeping in mind that because the complaint itself was one of these sort that you find in a correctional institution, that Grafton did say he had exhausted what were his available administrative remedies, and that's all the Prison Litigation Reform Act requires, because he was now being thwarted at every turn, being able to actually get a complaint in about the conditions of confinement. He didn't actually file a grievance saying the grievance procedures violate my First Amendment rights. Well, I think that was his point. Mind you, you have to read these somewhat more liberally, but I think that was his point, that he was saying, look, you're making it impossible for me to do this because every time I file one of these, you tell me I have to file something else that's not there, or you dock at them late. The point is. I never before, I think, filed a grievance that was about the grievance procedures. Your Honor, I'm with you on that. Okay. I'm with you on that. It's just that, you know, the tough thing that he's running into is that he's basically trying to explain, look, I'm not able to use the system to make complaints, and you're frustrated. We don't have a five-day problem with that kind of grievance, right? Because he's generally complaining about the system. Yes. So he could put in his grievance, and then we'd find out what the system said about his grievance. Well, and his point was that he was trying to do that, and that wasn't working because they weren't either docketing them or they were returning them to him without being heard. But isn't there some allegation and presentation of information that his grievances were received and processed? Well, there were, but he also said that they came back to him in a way that he wasn't able to have them heard because they were asking for additional information to be submitted. The point, Judge Hall, and I think it's a good one, is that maybe all of what you say and what Judge Rustandy says is absolutely spot-on and correct. But then what you want to do is you want to say at the district court level to graft and look. There's a serious problem here because the defendants say you're not complying with the administrative remedy scheme, so at least try to articulate, try to explain for us in some way how you're doing that. And the point that I've tried to make principally in the reply brief is that this sort of a gatekeeping thing, which is what the exhaustion requirement is, is something that, you know, you can set it up in a way to say, look, your case is going to be pitched. And remember, this case was dismissed not on — it was dismissed on a motion on the pleadings under 12b-6, but the judgment is a judgment dismissing the case with prejudice. So he's out, not a chance to replead or anything else. And my point in all this is that you can fix it by simply giving him the option to explain, and that wasn't done. And I — We remand and tell the district court it needs to conduct a hearing, receive affidavits. What do we — Well, you know, there's an interesting case that came out since this, and that's this Court's decision written by Judge Sullivan and Shepard, the citation of which is 921 Fed 3rd 89. It's also a Prison Litigation Reform Act case. It deals with a three-strikes provision and imminent danger, which is, you know, your get-around on the three strikes. And Judge Sullivan talks about the same kind of thing here, and he says, look, he says when you've got these sort of gatekeeping mechanisms, the Court can consider matters outside the pleadings. But in Shepard, they didn't move to dismiss under 12b-6. They moved to dismiss under the Court's inherent authority, which puts you on notice that, you know, maybe your case isn't going to be there anymore, it's not a matter of the pleadings. And he said, yes, you can have these kind of limited evidentiary things. Maybe you have to have a hearing, maybe you don't. Certainly, I cited Judge Chinn's decision that suggests you get into a Rule 56 analysis about whether there's a genuine issue of material fact. That's one way to approach it. Maybe you don't. Maybe you treat it like a statute of repose, or you treat it like an immunity defense under a civil rights case, where, you know, we can sort this out, or a subject-matter jurisdiction defense. That's why when I say it should be vacated, vacate Senate back, give him notice, and do it the way it's supposed to be done. Thank you, Your Honors. Mr. Paul. Good morning. Robert Vanderweg for the county. Mr. Grafton never filed a grievance claiming that the grievance procedures were inadequate or he was swarded or what have you. As the magistrate said in his report and recommendation, even when he said that he ran into some problems, he filed grievances after that. He has been successful in quite a number of grievances, including one that went beyond the county to the civilian review concerning his wheelchair bound to transport him to a  school. In any event, you probably know. Well, are you advocating a rule that says whenever a person is threatened, but then they just buck up and file the thing anyway, we don't after about something else, that we excuse, we then don't excuse his failure to file? I mean, is there some level of threat that would really tell somebody? Well, I guess there could be some level of threat which would prevent a person from doing anything. I think Judge Chin ran into that in the McCoy case where they had really serious incidents and excessive force and what have you. But there's nothing of that in this case. The only thing in his complaint that he even mentions is that one of the investigators hinted at something. And again, that doesn't rise to any level saying that there is no grievance procedure in the correction. I think in this case what happened was he heard threats to other people. Did he get threats directly? He said that, as I recall, in his complaint when he starts reciting a few things, that an investigator when he was coming back from someplace hinted that there are too many grievances. But a threat? No. I don't know of any. Well, what about there are too many grievances and we have ways of dealing with you? Wasn't there something like that? Well, do you think it rises to the level that you do away with the prisoner? I'm just asking you. I would say no. Is there a rule that we should have or that at some point it's enough of a threat that you don't have to continue to go through with your procedure? Well, we would hope certainly in Astoria County that if you get anything that even appears to be a threat that you go to the superior officer. And there are different levels. And I don't know of any experience where he would be thwarted from doing that. There are procedures for that. And he has not alleged that he was prevented from doing anything. He hints at it. Matter of fact, that's his word in his complaint. As far as whether it should be a summary judgment motion or a motion to dismiss, I think that's just motion practice. This was, as I recall, a motion to dismiss pre-answer. And even Judge Chin, when he wrote that great opinion in McCoy, said if on its face it's apparent that it's not a complete exhaustion, a motion to dismiss is proper. And we believe that is the case. And we would hopefully have you affirm the judgment. Thank you. Thank you, Mr. VanderWeg. Mr. Cole. I might just say kind of one thing, that having done a handful of these cases, that obviously Congress wants the statute to work. And it's a really good statute. And you can resolve things inside the correctional institution if it works well. So good on that. And that's terrific. On the other hand, when you have someone like Grafton who basically says, look, you're not, and he pleads in his complaint, you're not taking care of my grievances, it wouldn't be the most difficult thing to, very much like a report and recommendation from a magistrate, to put something on the bottom of a motion or on the bottom of a notice from the court saying the defense has asked to dismiss because you haven't exhausted, we're going to consider matters outside the pleadings, let me know, tell me what you have, so the court can make a full determination of whether the available remedies, and his point is that the available remedies he in fact exhausted have in fact been exhausted. Sort of like what's required when a motion for summary judgment is made in a case where the other side is pro se? Exactly. New Jersey has a great state rule to go back to. You had it in the last case. You have to put it right on there. Your case will be dismissed if you don't blah, blah, blah. Yes, Judge Rosano. Where is the plaintiff going with this? He thinks these procedures aren't fair, so he wants the district court to review the procedures of the prison and tell them this is what your procedures should be? I'm not exactly sure. Well, that's, you know, I. What's he want? He's got a complaint. He wants something. I know. And, you know, it's interesting. I had the same reaction. I spoke to him about this, and I said, well, what's really going on here? And he said, look, the problem is the system's not working. It's not working, and that's why I'm seeking this form of declaratory relief. It's not working where I can get to court because they're frustrating me. Look, if it's true, you take care of it. If it's not, he loses. But that's the nub of his case. And typically we don't put something like that on the plea. Okay. Look at it this way. He could have put in a complaint, nothing happens to it, and then he could have put in his grievance, nothing happens to it, they throw in the garbage, they won't consider it, and then he files a complaint in court that says, I tried. Right. But he did it just the other way. I mean, give the person credit. He did a fairly nice job for a jailhouse person. So he has other grievances about the conditions in the medical unit, and then says in both. When he does those grievances, he can try to get relief, and when he doesn't, he files a complaint in Federal court and says, I didn't get relief because they wouldn't even consider it. Right. Well, and I think your point is that if you're going to make this other claim saying the system is stacked against me, you've got to grieve that first, his point is, look, I tried on the ones I had. At that point, it's futile. Any claim for relief in his complaint other than fix the system? That's his claim. Okay. That is his claim, Your Honor. All right. Thank you, Your Honor. Thank you. Thank you both. We will reserve decision in that case, and I will ask the clerk please to adjourn court. Court is adjourned. Thank you. Thank you.